IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

United States Court of Appeals
Fifth Circuit

F I L E D

March 9, 2007

Charles R. Fulbruge III

No. 06-70003
_____


DERRICK SONNIER
Petitioner - Appellant

v.

NATHANIEL QUARTERMAN,
Director, Texas Department of Criminal Justice,
Correctional Institutions Division
Respondent - Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
Division
H-04-2385

_____

ON PETITION FOR REHEARING

(Opinion, 1/22/07 5th Cir., Sonnier v.
Quarterman, 2007 WL 136460)


Before HIGGINBOTHAM, BENAVIDES, and DENNIS,
Circuit Judges.

PER CURIAM:

It is ordered that the petitioner-appellant's Petition for Panel Rehearing is DENIED. In light of petitioner-appellant's brief in support of his petition for rehearing, we have carefully reconsidered our panel opinion and reiterate that our denial of a certificate of appealability ("COA") is based upon Sonnier's failure to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).

Applying the Supreme Court's analysis established in Strickland v. Washington, 466 U.S. 668 (1984), the district court determined that Sonnier failed to show that his trial counsel provided ineffective assistance in violation of the Sixth Amendment. Our panel opinion clearly held that Sonnier "failed to demonstrate that

jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further, as required by the United States Supreme Court's interpretation of 28 U.S.C. § 2253(c)(2) in <u>Miller El v. Cockrell</u>." <u>Sonnier v. Quarterman</u>, 2007 WL 136460 at *14. As a result, we denied his request for a COA.

After careful consideration of Sonnier's brief in support of his petition for panel rehearing, we still do not believe that he is entitled to a COA. "By enacting AEDPA,. . . Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not. . . [I]ssuance of a COA must not be *pro forma* or a matter of course." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337

3

(2003).  Sonnier argues that the panel delved too deeply into the merits of his ineffective assistance of counsel claim.  However, "[t]he COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Id. at 336.  And our threshold inquiry into Sonnier's ineffective assistance of counsel claim revealed that reasonable jurists would not find the district court's assessment of his constitutional claim debatable or wrong.  Specifically, no reasonable jurist would find debatable or wrong that Sonnier had failed to show prejudice as required by Strickland.

The petition for rehearing is DENIED.